NATIONAL PARKS CONSERVATION ASSOCIATION, et al., Appellees

v.

ENVIRONMENTAL PROTECTION AGENCY and Gina McCarthy, in her Official Capacity as Administrator, Appellees

State of Arizona, Appellant.

No. 12–5211.

United States Court of Appeals, District of Columbia Circuit.

Dec. 11, 2013.

Tim David Ballo, David S. Baron, Earthjustice Legal Defense Fund, Washington, DC, for National Parks Conservation Association, et al.

John David Gunter, II, Eileen Therese McDonough, DOJ Appellate Counsel, U.S. Department of Justice, Washington, DC, for Environmental Protection Agency.

Peter S. Glaser, Troutman Sanders, LLP, Washington, DC, Joseph P. Mikitish, James Todd Skardon, Office of the Attorney General, Phoenix, AZ, for Appellant.

Before: TATEL and KAVANAUGH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the Court and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

The District Court entered a consent decree that resolved a suit in which environmental groups had complained that EPA did not meet statutory deadlines for implementing EPA's Regional Haze Rule, 64 Fed.Reg. 35,714 (July 1, 1999). The consent decree established a timeline for EPA to promulgate a Federal Implementation Plan (FIP), or approve a State Implementation Plan (SIP), that would meet the requirements of the Regional Haze Rule. Arizona objected to the consent decree on various grounds. The District Court concluded that it lacked jurisdiction to consider Arizona's objections to the consent decree.

We conclude that the District Court lacked jurisdiction because Arizona's objections are not ripe. Arizona claims that it will be harmed when EPA promulgates a FIP to fully implement the requirements of the Regional Haze Rule. But as counsel for EPA told us, the consent decree neither requires EPA to promulgate a FIP for all elements of the Regional Haze Rule, nor bars EPA from considering and accepting Arizona's SIP submission, in whole or in part. *See* Tr. Oral Arg. at 24, Nov. 7, 2013 ("[A]ll the consent decree does is establish a deadline by which EPA must have an approved SIP in place for Arizona, or must promulgate a FIP for Arizona."). Under the consent decree, EPA retains the discretion to choose either course of action. Also, contrary to the suggestion advanced by Arizona, the consent decree does not impair Arizona's ability to contest any future adverse decisions made by EPA in implementing the Regional Haze Rule.

As counsel for EPA explained at oral argument, "if Arizona submits a new SIP and EPA refuses to act on it then once an appropriate clock has run Arizona can seek to compel EPA to act, and if EPA acts and Arizona thinks that EPA has acted contrary to the [Clean Air] Act then Arizona can challenge that" decision. Tr. Oral Arg. at 26–27. Under the circumstances, it is evident that Arizona's objections are not ripe.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.